AO 91 (Rev 11/11) Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Ayden Michael THARP<br><br>*Defendant(s)* | ) ) ) ) Case No. 2:21-mj-282<br>) ) ) ) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 15, 2021__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Knowingly Possess a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:
SEE ATTACHED

☑ Continued on the attached sheet.

_____
*Complainant's signature*

S Chappell    ATF TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 23, 2021

Kimberly A. Jolson
United States Magistrate Judge

City and state: Columbus Ohio

**PROBABLE CAUSE AFFIDAVIT**
**Ayden M THARP**

I, Samuel Chappell, being duly sworn, depose and state that:

1. I have been an Officer with the Columbus Division of Police (CPD) since 2007. I have been assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Task Force Officer (TFO) since 2017. As a result of my training and experience, I am familiar with state and federal laws pertaining to firearms and narcotics violations, among other offenses.

2. This affidavit is being submitted in support of an application for a criminal complaint against Ayden M. THARP for knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and the firearm was in and affecting interstate and foreign commerce, In violation of 18 U.S.C. 922(g)(1) and 924(a).

3. The facts set forth within this affidavit come from the Affiant's own personal involvement with the investigation, as well as information provided by other law enforcement officers and reports. The information outlined below does not contain all details or all facts of which I am aware relating to this investigation but rather is provided for the limited purpose of establishing probable cause that THARP committed this offence.

4. On or about April 14, 2021, uniformed Columbus Division of Police (CPD) officers were dispatched to 1571 W. Broad St. Apt 104 in Columbus on a report of a shooting. The same day, approximately one hour prior to the shooting report, officers had been at 1571 W. Broad St. on an unrelated police dispatch matter and had engaged in a conversation with THARP.

5. Once at the shooting scene, officers talked with a security guard who stated that a shooting had occurred, and the suspected shooter ran from 1571 W. Broad St. Apt. 104 to 1573 W Broad St. Apt. 109. The guard stated that the suspect was the same male officers had previously spoken to on the unrelated prior dispatch matter.

6. Officers made contact with the apartment renter of 1571 W. Broad St. Apt. 104, who witnessed the shooting. The witness told officers that the suspected shooter was a white male whom the witness had observed speaking with CPD officers earlier that day. The witness had been seated inside of the witness's apartment when the shooter got into an argument with another male in the apartment. The witness stated that the shooter stood up and removed a black handgun from his pants, pointed it at the other male, and fired one shot in the other male's direction. The shooter then fled and went into 1573 W. Broad St. Apt. 109.

7. Officers ordered the occupants of 1573 W. Broad St. Apt. 109 to exit the apartment. Two white males exited the apartment. The first to exit was identified as James Dillon. Still at the scene, the witness told CPD officers that Dillon was not the shooter. A man subsequently identified as THARP then exited the apartment. Both the witness and the security guard identified THARP as the suspected shooter.

**PROBABLE CAUSE AFFIDAVIT**
**Ayden M THARP**

8. Officers entered the apartment to check for additional people. While checking the apartment, officers observed a black handgun in the attic.

9. Dillon signed a consent to search form allowing officers to search the apartment, number 109. When asked, Dillon stated that he did not have a firearm in the apartment. Dillon stated that prior to police arriving at his apartment, THARP had knocked on his door. Dillon stated that THARP appeared to be panicking and that THARP had entered Dillon's apartment.

10. Officers recovered a Smith & Wesson M&P 40 pistol bearing serial HSK4194 from 1573 W. Broad St. Apt. 109.

11. Officers recovered a spent 40 caliber shell casing from the floor of 1571 W. Broad St. Apt. 104.

12. THARP stated that the only property he had inside of 1573 W. Broad St. Apt. 109 was a sack bag that contained personal items. Officers retrieved the bag and showed to THARP to see if it was the correct bag. THARP stated it was. Inside of the bag officers found a live 40 caliber round.

13. THARP was prohibited from possession of a firearm based upon having been previously convicted of the following crime punishable by a term of imprisonment exceeding one year:

    a. Franklin County Ohio Court of Common Pleas Case 20CR673 for the offense of Burglary.

14. Your Affiant confirmed via ATF resources that the aforementioned firearm seized from THARP on or about April 14, 2021 was not manufactured in the State of Ohio and therefore had previously traveled in interstate commerce to reach the State of Ohio.

15. The aforementioned offense occurred in Franklin County, Ohio, in the Southern Judicial District of Ohio.

16. Based on this information, your affiant believes probable cause exists that THARP knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a loaded Smith & Wesson M&P 40 caliber pistol bearing serial HSK4194 and the firearm was in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, 922(g)(1) and 924(a).

ATF TFO Samuel Chappell

April 23, 2021

Sworn to and subscribed before me this day of _____, _____, at _____ Columbus, Ohio.

Kimberly A. Jolson
United States Magistrate Judge